**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANDES CAPITAL FINANCING LLC and COEVOLUTION LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CROSSED KEYS LLC, BRIAN WEAVER, JAE CHA, and TORCH RESEARCH LLC,<br><br>Defendants. | Case No. 6:21-cv-01270-KHV-RES |

**OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

II.   LEGAL STANDARD.................................................................................................. 2

III.  ARGUMENT............................................................................................................... 3

    A.    Plaintiffs' Rule 41 Motion Fails at Each Step of the Analysis. ............................ 3

        1.    Factor 1: Defendants have expended significant effort and expense
           in preparing for summary judgment and trial. ........................................... 3

        2.    Factor 2: Plaintiffs have shown a lack of diligence, leading to
           inexcusable delay in bringing this motion. ................................................. 6

        3.    Factor 3: Plaintiffs' explanation of the purported need for a
           dismissal is insufficient................................................................................. 8

        4.    Factor 4: The advanced stage of the litigation weighs against a
           voluntary dismissal. .................................................................................... 9

        5.    The equities weigh against Plaintiffs. ...................................................... 10

    B.    The Court Should Follow the Tenth Circuit's Guidance in *Varley*. ................... 11

    C.    If this Action Is Dismissed, the Court Should Impose Curative Conditions. ...... 11

IV.   CONCLUSION.......................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*103 Investors I, L.P. v. Square D. Co.*,
 222 F. Supp. 2d 1263 (D. Kan. 2002)........................................................................................6, 9

*Borders v. Wine*,
 No. 21-4036-DDC-ADM, 2021 WL 5050002 (D. Kan. Nov. 1, 2021)....................................2

*Brown v. Baeke*,
 413 F.3d 1121 (10th Cir. 2005) .................................................................................11, 12, 13

*Guzman v. Well Health Labs LLC*,
 No. 22-2229-JWB-RES, 2022 WL 17830765 (D. Kan. July 22, 2022) ...................................5

*Key Enters., LLC v. Morgan*,
 No. 12-cv-2628, 2013 WL 353911 (D. Minn. Jan. 29, 2013) ...................................................7

*Mitchell v. Roberts*,
 43 F.4th 1074 (10th Cir. 2022) ...............................................................................................10

*Ohlander v. Larson*,
 114 F.3d 1531 (10th Cir. 1997) .................................................................................................2

*Phillips USA, Inc. v. Allflex USA, Inc.*,
 77 F.3d 354 (10th Cir.1996) ......................................................................................................2

*Rios v. Ramage*,
 No. 5:19-cv-02602-HLT, 2021 WL 75644 (D. Kan. Jan. 8, 2021) .............................4, 8, 9, 12

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*,
 851 F.3d 530 (5th Cir. 2017) .....................................................................................................5

*Travelers Prop. Cas. Co. of Am. v. Everest Indem. Ins. Co.*,
 No. 10-cv-1649, 2011 WL 13356109 (S.D. Cal. Mar. 29, 2011) .............................................7

*Varley v. Tampax, Inc.*,
 855 F.2d 696 (10th Cir. 1988) .................................................................................................11

OTHER AUTHORITIES

FED. R. CIV. P. 7.1.............................................................................................................................5

Fed. R. Civ. P. 41(a) ........................................................................................................................2

Fed. R. Civ. P. 41(a)(2)..........................................................................................................1, 2, 3, 11

Defendants Torch Research, LLC ("Torch"), Crossed Keys LLC ("Crossed Keys"), Brian Weaver, and Jae Cha hereby oppose the motion filed by Plaintiffs Andes Capital Financing LLC and Coevolution LLC, pursuant to Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss this entire action without prejudice.  ECF No. 110 ("Mot.").

## I.     INTRODUCTION

Plaintiffs' case is in serious trouble.  More than half of their claims were dismissed at the Rule 12 stage.  For those claims that survived, Plaintiffs failed to develop critical evidence during discovery and now face the prospect of summary judgment as a result.  For unknown reasons, Plaintiffs chose not to depose several key fact witnesses identified in the parties' Rule 26(a)(1) disclosures.  They did not follow through on multiple third-party subpoenas, including subpoenas served on two independent valuation firms that appraised the value of Torch and an independent member of Torch's Board of Directors.  Remarkably, Plaintiffs did not even depose Defendants' expert witness.  It is therefore no surprise that Plaintiffs want to voluntarily dismiss the entire case and start over in state court.

Plaintiffs have done *nothing* to investigate the jurisdictional facts alleged in their Complaint, or to meet their burden of establishing the existence subject matter jurisdiction. Instead, they complain they were "sandbagged" because Defendants did not contest subject matter jurisdiction in their responsive pleading.  In short, Defendants had no good-faith factual basis to challenge subject matter jurisdiction because they had no knowledge of facts contradicting Plaintiffs' Rule 11 allegations concerning the citizenship of a WestCap entity that is a minority shareholder and one of the members of Defendant Torch.  Despite this, Plaintiffs insist that such knowledge is imputed to Defendant Torch based on a frivolous legal argument that cannot be reconciled with the Advisory Committee Notes to the Federal Rules of Civil Procedure.

1

The purpose of Rule 41 is to prevent voluntary dismissals that unfairly impact the other side.  The Tenth Circuit has set forth relevant factors to determine whether a defendant would be legally prejudiced by a voluntarily dismissal.  Every one of them weighs against the relief requested by Plaintiffs under Rule 41(a)(2).  Defendants respectfully request that the Court deny this motion and instead grant the pending motion to drop Torch under Rule 21 to preserve diversity jurisdiction in this action.  *See* ECF No. 118.

## II.   LEGAL STANDARD

Absent a stipulation of dismissal signed by all parties, once a defendant serves "either an answer or a motion for summary judgment," a plaintiff may voluntarily dismiss an action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir.1996) (quotation marks omitted).

Dismissal under Rule 41 should be denied if it would cause legal prejudice to a defendant. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  To determine whether a defendant would be legally prejudiced, "relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A.*, 77 F.3d at 358).  By contrast, motions for voluntary dismissal may be granted in situations not applicable here, such as when they are unopposed or when cases have only just commenced. *See*, *e.g.*, *Borders v. Wine*, No. 21-4036-DDC-ADM, 2021 WL 5050002, at *1 (D. Kan. Nov. 1, 2021) (cited in Mot. at 3–4) ("Given plaintiff's request and that defendant doesn't oppose it, the court grants plaintiff's request. This case is in its infancy— plaintiff filed suit less than six months ago and defendant filed just one motion.").

III.    ARGUMENT

    A.    **Plaintiffs' Rule 41 Motion Fails at Each Step of the Analysis.**

The Court should deny Plaintiffs' motion to dismiss under Rule 41(a)(2) because every one of the factors enumerated by the Tenth Circuit's *Ohlander* decision establishes that Defendants would be legally prejudiced by the dismissal of the entire case.

    1.    **Factor 1: Defendants have expended significant effort and expense in preparing for summary judgment and trial.**

Plaintiffs first filed this case over sixteen months ago. ECF No. 1 (Complaint). Plaintiffs commenced discovery on March 2, 2022. ECF No. 36 (Notice of Service). Discovery has closed. The trial is scheduled to begin on August 21, 2023. *See* ECF No. 31 (Scheduling Order) at 2.

During discovery, Defendants devoted significant time and money responding to and taking party, third-party, and expert discovery, including multiple rounds of interrogatories, seven rounds of document production, and eleven depositions. The parties and the Court also participated in numerous discovery conferences, *e.g.*, ECF Nos. 55, 76, 99, and litigated discovery motions, *e.g.*, ECF Nos. 58, 69, which clarified the permissible scope of fact and expert discovery.

Separate and apart from discovery, Defendants and the Court have devoted significant attention to narrowing the nature of Plaintiff's claims through dispositive motion practice. The parties filed nearly 100 pages of briefing on Defendants' motion to dismiss, *see* ECF Nos. 15, 35, 41, which was granted in large part. *See* ECF No. 35 (MTD Order). As Plaintiffs acknowledge, the Court dismissed seven of their claims, with six claims surviving the pleading stage. *See* ECF No. 109 (Pretrial Order) at 25-26, 25 n.1. Defendants have moved for summary judgment on all remaining claims. *See* ECF No. 113.

On the eve of judgment, Plaintiffs now ask the Court to dismiss the entire case, so that they can avoid the preclusive effect of this Court's rulings and start over against all Defendants in state court. Plaintiffs assert that "[e]ssentially all of the parties' work to date can carry over to a

subsequent Kansas state court action, including the parties' expert analysis." Mot. at 7.  At the

same time, however, they ask the Court not to impose any conditions on a dismissal. *Id.* at 10-11.

In short, Plaintiffs want to start over from scratch in a different forum.  This would result in a

substantial waste of time and resources.

With respect to the first *Ohlander* factor, this case is similar to the procedural posture of

*Rios v. Ramage*, No. 5:19-cv-02602-HLT, 2021 WL 75644 (D. Kan. Jan. 8, 2021).  In *Rios*, as in

this case, the plaintiff moved to dismiss under Rule 41 for the purpose of pursuing claims against

both diverse and non-diverse defendants in the same action.  *Id.* at *1.  And, as in this case, the

Rule 41 motion in *Rios* was not filed until after the close of discovery.  *Id.*  The court in *Rios* held

that the "substantial effort and cost" already expended by the defendants favored denial of the

motion to dismiss.   To restart the litigation after the defendants had "deposed multiple fact

witnesses and expert witnesses, prepared expert reports, and engaged in briefing" would have been

unfairly prejudicial.  *Id.* at *2.  The same reasoning applies here with equal force.

Plaintiffs try to discount the unfair prejudice that would result from their request by arguing

that "defendants could have avoided any possible duplicative effort if defendant Torch had been

forthright from the beginning about the citizenship of its members." Mot. at 8.  But Plaintiffs do

not offer any evidence that Defendant Torch (or any other defendant) knew the citizenship of every

partner in WestCap's investment fund at any point in time.  Defendants had no such knowledge.

*See* ECF No. 115-1 (March 17, 2023 Declaration of Brian Weaver) at ¶ 19 ("I do not have

knowledge of the number, identity, or citizenship of WestCap's limited partners.  I do not control

WestCap.  Nor do I have access to confidential information about WestCap's members.").  In fact,

Plaintiffs have been on notice since Defendants' responsive pleading, filed on June, 8, 2022, that

Defendants lacked knowledge regarding the citizenship of WestCap's members.  *See* ECF No. 1

(Complaint) at ¶ 6; ECF No. 57 (Answer) at ¶ 6.  Plaintiffs made no inquiry about WestCap's

citizenship, despite ample opportunity to do so.  They are now trying to avoid accountability and point fingers, knowing full well that they, as the plaintiffs, carry the burden of establishing the existence of subject matter jurisdiction.  *See Guzman v. Well Health Labs LLC*, No. 22-2229-JWB-RES, 2022 WL 17830765, at *3 (D. Kan. July 22, 2022) ("Plaintiff, as the party invoking federal jurisdiction, bears the burden of proof and must allege facts essential to show subject matter jurisdiction.").

Plaintiffs also point to the recent amendment to Fed. R. Civ. P. 7.1(a)(2), adopted on December 1, 2022, arguing that Defendant Torch is "charged with the knowledge of all its members on the topic of diverse citizenship."  Mot. at 8.  Had they read the Advisory Committee notes, they would know that "*[t]his rule does not address the questions that may arise when* a disclosure statement or discovery responses indicate that *the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it*."[1]  FED. R. CIV. P. 7.1, Advisory Committee Notes to 2022 Amendment (emphasis added).[2]  Nor can Plaintiffs fault Defendants for not filing a supplemental corporate disclosure statement when they did not file a supplemental disclosure statement for the two LLC plaintiffs.  Plaintiffs do not even bother to cite authority suggesting that the amended Rule 7.1 applies retroactively in a situation like this, where fact and expert discovery have already closed.

---

[1]    It is not uncommon for an LLC not to know the citizenship of its members.  This is especially true where, as here, a member of the party LLC is itself an LLC or a partnership.  *See, e.g.*, *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 & n.13 (5th Cir. 2017) (two plaintiff LLCs unable, "despite diligent research," to determine "the citizenship of every member of two entities," investment fund limited partnerships that were indirect members of the plaintiff LLCs).

[2]    According to the Advisory Committee Notes, the amended rule also does not "relieve [Plaintiffs] that assert[] diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction."  FED. R. CIV. P. 7.1, Advisory Committee Notes to 2022 Amendment.

For these reasons, the "first factor weighs heavily in favor of overruling plaintiff's motion to dismiss without prejudice." *103 Investors I, L.P. v. Square D. Co.*, 222 F. Supp. 2d 1263, 1271 (D. Kan. 2002) (Vratil, J.), *aff'd on this issue*, 372 F.3d 1213, 1218 (10th Cir. 2004).

### 2. Factor 2: Plaintiffs have shown a lack of diligence, leading to inexcusable delay in bringing this motion.

Plaintiffs flatly assert that "[i]n no way has plaintiffs' conduct been dilatory or undiligent." Mot. at 9. But Plaintiffs have been on notice since June, 8, 2022 that Defendants lacked knowledge regarding the citizenship of WestCap's members. *See* ECF No. 57 (Answer) at ¶ 6. Yet, Plaintiffs made no inquiry about WestCap's citizenship, despite ample opportunity to do so. Plaintiffs deposed three separate corporate representatives of WestCap and did not any questions related to subject matter jurisdiction.

Plaintiffs' argument concerning the second *Ohlander* factor is limited to a single conclusory paragraph in which they concede "it might be possible to characterize [this] motion to dismiss as premature . . . ." Mot. at 9. Elsewhere in their brief, however, they insist that they were the victim of "shenanigans," and that they were "bamboozled" and "sandbagged" by Defendant Torch for 15 months concerning the existence of subject matter jurisdiction. *See id.* at 10. Plaintiffs appear to suggest that they were confused or somehow misled by a declaration in the prior Texas action stating that Torch's "sole member" was Defendant Crossed Keys, LLC.[3] *See*

---

[3] Plaintiffs present the statement out of context to suggest some sort of intentional deception took place. But the context is important. When the Texas action was removed to federal court on October 1, 2020—the time relevant to the jurisdictional inquiry in that case—WestCap was not yet a member of Torch. *See* ECF No. 111, Ex. 8 (Amended Torch LLC Agreement ) at 1 (WestCap joined Torch on Dec. 30, 2020). Nor was Torch a party to the Texas action at the time of removal. The original Texas lawsuit was only brought "against defendants Brian Weaver and Crossed Keys LLC." Mot. at 4. Plaintiffs later amended their Texas complaint to name Torch as "a derivative action plaintiff and a nominal defendant." *Id.* Plaintiffs did not even serve Torch as a defendant in the Texas action. Simply put, the factual question relevant to diversity in this action—whether WestCap has citizenship in Texas—was never at issue in the Texas action. Plaintiffs' suggestion to the contrary is misleading.

Mot. at 4–5.  But the Complaint filed in this action demonstrates otherwise.  Plaintiffs explicitly alleged that, "[o]n information and belief, Torch's members are Crossed Keys **and Westcap Group**."  ECF No. 1 (Complaint), ¶ 6 (emphasis added).  Plaintiffs were not misled.  They knew from the beginning of this case that Defendant Torch had two members, including WestCap.

In addition, Plaintiffs alleged in the Complaint: "On information and belief, Westcap Group is a Delaware LLC whose members are all California residents."  ECF No. 1 (Complaint), ¶ 6.   Plaintiffs' counsel could not have made such a representation without investigating WestCap's membership and the citizenship of those members.  *See Key Enters., LLC v. Morgan*, No. 12-cv-2628, 2013 WL 353911, at *2 (D. Minn. Jan. 29, 2013) ("Until an attorney acquires some information about the identity and citizenship of an LLC's members, that attorney should not represent to a court—even 'upon information and belief'—that the (unidentified) members of the LLC are or are not citizens of a particular state."); *Travelers Prop. Cas. Co. of Am. v. Everest Indem. Ins. Co.*, No. 10-cv-1649, 2011 WL 13356109, at *2 (S.D. Cal. Mar. 29, 2011) ("Under Fed. R. Civ. P. 11(b), however, allegations of diversity jurisdiction should not be made unless the allegations are based on facts revealed by a reasonable investigation.").

Plaintiffs correctly point out that Defendants did not contest subject matter jurisdiction in their responsive pleading, albeit by repeatedly misquoting the Answer, which reads: "***For purposes of this Answer***, Defendants do not contest subject matter jurisdiction nor personal jurisdiction."  ECF No. 57 (Answer), ¶ 7 (emphasis added).  Simply put, Defendants had no good-faith basis to contest subject matter jurisdiction at the pleading stage.  It was not until the recent preparation and filing of the Pretrial Order that Defendants learned that Plaintiffs' jurisdictional allegations were incorrect with respect to Defendant Torch.  Plaintiffs did nothing whatsoever to meet their burden on the issue of subject matter jurisdiction.

### 3.    Factor 3: Plaintiffs' explanation of the purported need for a dismissal is insufficient.

Plaintiffs' explanation of the purported need for a dismissal ignores the available—and preferable—alternative to dismissal of the entire action.  As detailed in Defendants' Motion to Drop Defendant Torch Research, LLC Under Rule 21 (ECF No. 118), the Court need not dismiss the entire case.  Rule 21 allows the Court to drop Defendant Torch, which is not a necessary party, and proceed to adjudicate Plaintiffs' claims against the diverse Defendants.  The only explanation provided here—"Plaintiffs wish to seek complete relief against all of the defendants at the same time" (Mot. at 9)—does not establish a *need* to dismiss the entire case.

The court in *Rios* rejected the same argument that Plaintiffs make here.  There, the plaintiff wished to dismiss his lawsuit after the close of discovery so he could refile and pursue claims simultaneously against diverse and non-diverse defendants.  2021 WL 75644 at *3-4.  The court held that this desire "to refile the action in state court against all potentially liable parties" did not warrant dismissal of the diverse defendants.  *Id.* at *3.  While the court was "mindful of the fact that Plaintiff will have to litigate this case with two potential absent tortfeasors, and this could cut into or even eliminate any recovery," it held that "dismissal [was] not required simply because Plaintiff finds himself in a difficult litigation position."  *Id.* at *4.

Plaintiffs may or may not choose to file an action against Defendant Torch in state court.  Regardless, this case can and should proceed against Defendants Crossed Keys and Brian Weaver, which, incidentally, were the only two defendants that Plaintiffs initially sued in this litigation.[4]

---

[4]    As Plaintiffs admit, their Texas lawsuit was "the first iteration of the claims that are now before this Court."  Mot. at 4.  The current Kansas case is not a new lawsuit based on new theories, but rather a "repackage"—Plaintiffs' word—of the Texas lawsuit.  *Id.* at 5.  The only defendants sued in that original lawsuit were Crossed Keys and Mr. Weaver.  *Id.* at 4.

8

4.      **Factor 4: The advanced stage of the litigation weighs against a voluntary dismissal.**

Plaintiffs filed this motion three days before the deadline for dispositive motions. Defendants Crossed Keys, Weaver, and Cha have since moved for summary judgment on all claims against them.  ECF No. 113.  Concurrently, Defendants have moved to drop Torch under Rule 21 to preserve complete diversity jurisdiction.  ECF No. 118.  If the Court grants summary judgment in favor of Defendants, the case is over.  If the Court grants partial summary judgment, the Court's rulings would have preclusive effect in any subsequent state court action.

Plaintiffs abandoned their claims against Defendant Jae Cha on the eve of the dispositive motion deadline.  *See* Memorandum in Support of Defendants' Motion for Summary Judgment, ECF No. 114, at SOF ¶ 8 ("Plaintiffs do not oppose the dismissal of all claims against Mr. Cha, because plaintiffs do not intend to pursue further claims against him.").  The current motion is the only thing that stands between Defendant Cha and a judgment in his favor.

In general, a plaintiff is "not allowed to voluntarily dismiss [a] case after defendant moved for summary judgment."  *103 Investors*, 222 F. Supp. 2d at 1271.  In that case, this Court cited *Saviour v. Revco Discount Drug Centers., Inc.*, which held that "the mere fact that a defendant has filed a motion for summary judgment is sufficient to establish the requisite 'legal prejudice' for denying a voluntary dismissal."  126 F.R.D. 569. 571 (D. Kan. 1989).

Plaintiffs' decision to file their Rule 41 motion three days early does not change the analysis.  In *Rios*, for example, the court held that the fourth *Ohlander* factor weighed against dismissal where discovery had closed, a pretrial order had been proposed, and "Defendants were poised to file dispositive . . . motions at the time Plaintiff filed the motion to dismiss."  2021 WL 75644 at *4.  This case is even further along.  Here, the pretrial order has been entered and

9

Defendants have now moved for summary judgment.  The advanced stage of this case weighs against dismissal.[5]

### 5.      The equities weigh against Plaintiffs.

Plaintiffs have grafted onto the four *Ohlander* factors a fifth faux factor—the "equities facing the plaintiff."  Mot. at 10.  While the *Ohlander* factors are not necessarily exclusive, the Tenth Circuit has never suggested that only a plaintiff's equities are relevant.  *See Mitchell v. Roberts*, 43 F.4th 1074, 1084 (10th Cir. 2022).  Rather, the Court should "consider[] the equities facing both parties."  *Id.* at 1088 (affirming denial of Rule 41 motion, where equities weighed in defendant's favor).

Plaintiffs identify only one consideration that purportedly tips the equities in their favor.  Plaintiffs complain that "their day in court will be delayed," and that they "will need to wait even longer for their trial."  Mot. at 7, 10.  If anything, this argument weighs in favor of denying Plaintiffs' motion because the most efficient and expeditious path forward—to the extent any claims remain after the Court decides Defendants' motion for summary judgment—would be to deny this motion and proceed to trial in August 2023.  Even Plaintiffs admit they "would much prefer to have their trial before this Court, as scheduled, in August of 2023."  Mot. at 10.

Despite this, Plaintiffs complain they "want a single trial against Mr. Weaver, Torch, and Crossed Keys."  *Id.*  That may be what Plaintiffs *want*, but it is not equity requires.  As explained above, under the *Ohlander* factors, Defendants would face undue legal prejudice if Plaintiffs are

---

[5]      Plaintiffs were aware from the March 13, 2013 status conference and the Court's Pretrial Order, entered on March 14, 2023, that Defendants were poised to move for summary judgment, and that the Court intended to address the jurisdictional dispute in tandem with Defendants' motion for summary judgment.  *See* ECF No. 109, at § 1(b); *see also id.* at 5-6 ("Defendants intend to move for summary judgment on all issues next week, before the Court's March 17, 2023 deadline, because there is no dispute of material fact that Plaintiffs lack evidence to prove the remaining allegations in their Complaint.")

granted their request to start this litigation over without conditions. Here, the equities weigh in favor of Defendants and denying this motion.

**B.      The Court Should Follow the Tenth Circuit's Guidance in *Varley*.**

In their motion, Plaintiffs cite *Varley v. Tampax, Inc.*, 855 F.2d 696 (10th Cir. 1988). *See* Mot. at 10. The *Varley* case counsels against dismissing the entire case without prejudice and lays out the framework that the Court should adopt under these circumstances—dismissing only Torch, to proceed against the diverse Defendants.

In *Varley*, the Court reversed and remanded the district court's dismissal of the case without prejudice in its entirety. 855 F.2d at 700–02. The Court reasoned "that the district court should have dismissed without prejudice the plaintiffs' claims against [the non-diverse defendants], thereby preserving its federal jurisdiction over the plaintiffs' claim against [the diverse defendant]; then, having granted [the diverse defendant's] motion for summary judgment, it should have entered judgment in favor of [the diverse defendant] on plaintiffs' claims." *Id.* at 700. Noting that the district court had granted summary judgment in favor of the diverse defendant, the Court observed "it seems unfair and inequitable to us to allow the plaintiffs a second chance to establish their claims against [the diverse defendant], and, conversely, to require [the diverse defendant] to resist for a second time claims upon which it has already prevailed on the merits." *Id.* at 701. The same logic applies here with equal force, particularly at this late stage when Plaintiffs' claims against Defendants Crossed Keys, Weaver, and Cha are ripe for summary judgment.

**C.      If this Action Is Dismissed, the Court Should Impose Curative Conditions.**

When a court decides to grant a plaintiff's motion for voluntary dismissal, Rule 41(a)(2) requires that the order impose "terms that the court considers proper." The purpose of such conditions is to "balance competing equities and ensure that substantial justice is done for all parties." *Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005). For example, in *Brown*,

11

"[s]everal conditions were imposed to avoid redundancy of effort should the case be refiled, including carryover of discovery and the pretrial order from the dismissed case, and plaintiffs were required to pay fees and expenses incurred by defendant as a result of duplicative effort that could not be avoided." *Id.* at 1124.

Plaintiffs argue that the "Court should impose no conditions on the dismissal because the dismissal arises as the result of defendant Torch's misdirection," and, at the same time, suggest they will seek to withdraw their motion if the Court decides to impose conditions.  Mot. at 10-11. The request that no conditions be imposed is akin to a complete "litigation do-over." *Rio*, 2021 WL 75644 at *5.  "Not only would this cause Defendants extra effort and expense, but it would allow Plaintiff[s] to circumvent the prior rulings and decisions in this case." *Id.* (denying motion to dismiss filed in anticipation of motion to strike).

If the Court is inclined to grant the Motion, it should impose conditions that reflect the advanced stage of this case and the substantial time and effort expended to date by Defendants and the Court, including by ordering that:

(1)      Final judgment be entered in favor of Defendant Jae Cha;

(2)      In any case re-filed in state court:

      (a)      Plaintiff's legal claims and requested relief must be substantially the same and, in all events, no more expansive, than what has been requested in the Pretrial Order (reflecting the Court's rulings on Defendants' motion to dismiss);

      (b)      All discovery will be carried over and neither fact nor expert discovery may be re-opened in any case re-filed in state court; and

(2)     Plaintiffs be ordered to pay Defendants' reasonable fees and costs incurred (a) in connection with summary judgment briefing in this case, and (b) resulting from duplicative effort necessitated by Plaintiffs' refiling of the case.

*See Brown*, 413 F.3d at 1124 (describing basis for conditions and possible conditions).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should deny Plaintiffs' motion for voluntary dismissal under Rule 41.  The Court should instead grant Torch's pending motion pursuant to Rule 21 to drop Torch and preserve diversity jurisdiction, so that the Court (or the jury, if needed) can adjudicate Plaintiffs' claims against the diverse defendants.

13

Dated: April 4, 2023

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ *James D. Lawrence*
    James D. Lawrence (KS #22565)
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 (telephone)
    (816) 374-3300 (facsimile)
    jdlawrence@bclplaw.com

**PROSKAUER ROSE LLP**

    Colin G. Cabral (admitted pro hac vice)
    Shawn S. Ledingham, Jr. (admitted pro hac vice)
    2029 Century Park East, Suite 2400
    Los Angeles, CA 90067-3010
    (310) 557-2900 (telephone)
    (310) 557-2193 (facsimile)
    ccabral@proskauer.com
    sledingham@proskauer.com

    James R. Anderson (admitted pro hac vice)
    One International Place
    Boston, MA 02110-2600
    (617) 526-9600 (telephone)
    (617) 526-9899 (facsimile)
    jaanderson@proskauer.com

    *Attorneys for Defendants*

14

15

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to counsel of record.


/s/ James D. Lawrence